UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00219-MR

| ANTONIO DUPREE JEFFERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| T.J. BOYKINS, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

## I.  BACKGROUND

Pro se Plaintiff Antonio Dupree Jefferson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Tabor Correctional Institution in Tabor City, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on August 19, 2024, against the following Defendants: (1) T.J. Boykins, identified as a Sergeant Correctional Officer at the Rutherford County Detention Center (the "Jail"); (2) Joey E. Brandle, identified as a Rutherford County Sheriff's Department Deputy ("Sheriff's Deputy"); (3) D.S.

Chapman, identified as a Sheriff's Deputy; (4) FNU Steele, identified as a Jail Corporal; (5) FNU Smith, identified as a Jail Corporal; (6) John Doe 1, identified as a Sheriff's Deputy; and (7) John Doe 2, identified as a Sheriff's Deputy. [Id. at 3-5]. Plaintiff sues Defendants in their individual and official capacities. [Id.].

Plaintiff alleges as follows. On August 22, 2021, Plaintiff was detained at the Jail when Defendant Steele, along with multiple Sheriff's Department and Jail employees, entered Plaintiff's cell and "viciously attacked" the Plaintiff, pushing him into his bed and Steele "wrapping his hands around [Plaintiff's] throat, leaving [Plaintiff] unable to breathe for several seconds until being forcefully removed by" Defendant Doe 1. Plaintiff complained to Defendants Smith and Brandle and another Sheriff's Deputy about the use of excessive force. Defendant Boykins then escorted Plaintiff from his cell and down some stairs. Plaintiff upset Defendant Boykins to the point that Boykins "aggressively wrapped his arm around [Plaintiff's] neck and slammed [him] face first into the concrete," breaking Plaintiff's tooth and injuring his lip. [Id. at 6]. The other officers "dog piled and handcuffed" Plaintiff. [Id. at 6-7]. Defendants Boykins, Brandle, Chapman, and others "slightly drug" Plaintiff towards the landing. While Plaintiff was handcuffed behind his back and unable to defend himself, Defendants Boykins, Brandle,

Chapman, Smith, Doe 1, and Doe 2, believing Plaintiff had spat on Defendant Boykins, "all maliciously, sadistically and brutally beat [Plaintiff] with closed fist." [Id. at 7]. Plaintiff was eventually strapped into a full restraint chair and a "spit cover" was placed over his head. "[T]he mentioned parties escorted [Plaintiff] to a solitary cell where [he] remained for hours unable to recieve [*sic*] any type of medical treatment" for his injuries. [Id.].

Plaintiff claims Defendants violated his rights under the First, Eighth, and Fourteenth Amendments.[1] [Id. at 6]. For injuries, Plaintiff claims that he suffered a broken tooth, brain trauma, a "busted lip," and "multiple knots on [his] head and facial area." [Id. at 8]. For relief, Plaintiff seeks monetary relief, including punitive damages. [Id. at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief

---

[1] The Court will address those claims fairly raised by Plaintiff's Complaint.

from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Official Capacity Claims

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an

agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue the individual Defendants, who he alleges are employees of either the Jail or the Sheriff's Department, in their official and individual capacities. Plaintiff, however, fails to allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. The Court, therefore, will dismiss Plaintiff's official capacity claims.

## B. Fourteenth Amendment

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff's Fourteenth Amendment excessive force claim against all Defendants survives initial review as not clearly frivolous.

A pretrial detainee's claim based on deliberate indifference to a serious medical need is also properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim based on the alleged denial of medical care. Plaintiff alleges only that Defendants Boykins, Brandle, Chapman, Smith, Doe 1, and Doe 2 escorted Plaintiff to a solitary cell "where [he] remained for hours unable to receive any type of medical treatment [for his] trauma to the brain, a broken, tooth, busted lip as well as multiple light headed spells[.]" [Doc.1 at 7]. Even if the Court

7

Case 1:24-cv-00219-MR Document 5 Filed 09/03/24 Page 7 of 9

assumes Plaintiff's injuries posed a substantial risk of serious harm, Plaintiff has failed to allege facts showing that these Defendants "intentionally, knowingly, or recklessly" failed to act to address the risk these conditions posed or that Defendants knew or should have known that Plaintiff had these conditions and that their inaction posed an unjustifiably high risk of harm. See Short, 87 F.4th at 611. The Court, therefore, will dismiss this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Fourteenth Amendment excessive force claim survives initial review against all Defendants. Plaintiff's remaining claims, including his official capacity claims, fail initial review and will be dismissed.

Before the Court can facilitate service on the Defendants John Doe 1 and John Doe 2, Plaintiff must identify and provide completed summonses for these Defendants. In this regard, Plaintiff may conduct pre-service discovery to identify these Defendants. Should Plaintiff be unable to identify the Defendants by name, he must submit on the summonses any and all information he knows that may assist in their identification and subsequent service on them.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourteenth Amendment excessive force claim survives initial review against all Defendants in accordance with this Order. Plaintiff's remaining claims, including his official capacity claims, are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff shall identify Defendants John Doe 1 and John Doe 2 in accordance with the terms of this Order.

The Clerk is instructed to mail seven (7) blank summonses to Plaintiff to fill out and identify Defendants, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. When the Court receives these summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

The Clerk is also instructed to separately list Defendant "John Does" as "John Doe 1" and "John Doe 2" in the docket in this matter.

**IT IS SO ORDERED**.

Signed: September 2, 2024

Martin Reidinger
Chief United States District Judge