**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:24-cv-00219-MR**

| | | |
|---|---|---|
| **ANTONIO DUPREE JEFFERSON,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **ORDER** |
| **T.J. BOYKINS, et al.,** | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's recent letters directed to the Clerk of Court. [Docs. 11, 12].

Pro se Plaintiff Antonio Dupree Jefferson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Alexander Correctional Institution in Taylorsville, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on August 19, 2024, against the following Defendants: (1) T.J. Boykins, identified as a Sergeant Correctional Officer at the Rutherford County Detention Center (the "Jail"); (2) Joey E. Brandle, identified as a Rutherford County Sheriff's Department Deputy ("Sheriff's Deputy"); (3) D.S. Chapman, identified as a Sheriff's Deputy; (4) FNU Steele, identified as a Jail Corporal; (5) FNU Smith, identified as a Jail Corporal; (6)

John Doe 1, identified as a Sheriff's Deputy; and (7) John Doe 2, identified as a Sheriff's Deputy, related to events he alleges occurred at the Rutherford County Jail in Rutherfordton, North Carolina. [Id. at 3-5]. Plaintiff, a pre-trial detainee at the time of the alleged incident, purported to state individual and official capacity claims under the First, Eighth, and Fourteenth Amendments. [Doc. 1 at 6]. The Court, however, addressed only Plaintiff's claims fairly raised by the Complaint. [Doc. 5 at 3 n.1]. On filing Plaintiff's Complaint, the Clerk mailed Plaintiff a copy of the Court's Standing Order of Instructions governing pro se prisoner civil actions. [8/29/2024 Docket Entry]. Plaintiff's Fourteenth Amendment excessive force claim against all Defendants survived initial review. [Doc. 5 at 6]. The Court dismissed Plaintiff's official capacity claims and Fourth Amendment claim based on alleged deliberate indifference to his serious medical needs for Plaintiff's failure to state a claim for relief. [Id. at 4-8]. In allowing Plaintiff's excessive force claim to proceed, the Court advised Plaintiff as follows:

> Before the Court can facilitate service on the Defendants John Doe 1 and John Doe 2, Plaintiff must identify and provide completed summonses for these Defendants. In this regard, Plaintiff may conduct pre-service discovery to identify these Defendants. Should Plaintiff be unable to identify the Defendants by name, he must submit on the summonses any and all information he knows that may assist in their identification and subsequent service on them.

[Id. at 8]. On the Court's direction, the Clerk mailed Plaintiff seven (7) blank summonses to fill out and identify the Defendants for use by the U.S. Marshal in effectuating service on Defendants. [Id. at 9].

On or about October 3, 2024, Plaintiff filed a letter directed to the "United States District Court" asking what it means to conduct "a pre-service discovery." [Doc. 9; Doc. 9-2 (postmark)]. Plaintiff states that "the only proper documentation" that can identify the Doe Defendants is camera footage of the August 22, 2021 incident and "footage from the camera of the 1st and 2nd floor landing." [Id.]. Plaintiff asks if he should send the request for this footage to the Clerk or to the "District Attorneys office." [Id.]. The Clerk sent Plaintiff a form letter response, advising him that the Clerk's Office "is unable to provide legal advice to individuals on how to proceed with this lawsuit." [Doc. 9-1].

A few days later, Plaintiff filed a letter directed to the Clerk of Court asking the Clerk to appoint him an attorney. [Doc. 11]. Plaintiff also submitted completed Summonses[1] at this time. [Doc. 10]. In his letter, Plaintiff states that he is "legally unable to provide documentations, motions

[1] The Summonses for the Doe Defendants identify them only as "John Doe 1" and "John Doe 2," respectively. [Doc. 10 at 11, 13]. The Clerk issued all seven Summonses to the U.S. Marshal for service on Defendants. [See 10/15/2024 Docket Entry].

and affidavits" in this matter. [Id. at 1]. Plaintiff also states that he is unaware of the identities of the Doe Defendants and posits various ways in which he might learn their names. [Id.]. Plaintiff also purports to provide the Clerk's Office with a list of needed "documentation," including a discovery motion, stored electronic material, affidavits from other inmates, and policy manuals. [Id. at 2].

Then, on or about October 16, 2024, the Plaintiff filed an unsigned letter directed to the Clerk of Court purporting to object to the Court's initial review Order, complaining that the undersigned "overlooked" the violation of Plaintiff's Eighth Amendment rights, as "[Plaintiff] plainly stated … that … [he] was brutally, maliciously and also sadistically beaten with closed fist" by Defendants. [Doc. 12]. Plaintiff also complains that the Court failed to "thoroughly address" Plaintiff's official capacity claims. [Id.].

The Court will strike Plaintiff's improper filings at Docket Nos. 11 and 12. As Plaintiff was advised in the Standing Order of Instructions in this matter, "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Standing Order, ¶ 5; see id. at ¶ 4 ("Only documents properly filed with the Clerk of Court will be docketed in this case.") & ¶ 8 ("Premature, misdirected, or otherwise improper filings will not be permitted.")]. It is wholly inappropriate to seek legal advice or

relief from the Clerk of Court. [Id. at ¶ 6 ("[N]o Court employee can provide legal advice to any litigant.")]. Moreover, it is Plaintiff's duty, not the Clerk's or the Court's, to pursue his case and to obtain discovery. [Id. at ¶ 7]. Additionally, Plaintiff's letter at Docket No. 12 is unsigned and therefore improper. See Fed. R. Civ. P. 11 (a).

The Court also notes that the Plaintiff made no effort to conduct pre-service discovery to identify the Doe Defendants and ignored the Court's alternative instruction to "submit on the summonses any and all information he knows that may assist in [the] identification [of the Doe Defendants] and subsequent service on them." Instead, Plaintiff simply directed the Summonses to "John Doe 1" and John Doe 2." Finally, Plaintiff complains that the Court ignored his purported Eighth Amendment and official capacity claims on initial review. The Court did not address Plaintiff's Eighth Amendment claim on initial review because his allegations did not implicate the Eighth Amendment. Excessive force claims brought by pretrial detainees are considered under the Fourteenth, not the Eighth, Amendment. Moreover, the Court adequately addressed and properly dismissed Plaintiff's official capacity claims on initial review.

**Plaintiff is strongly cautioned to carefully review the Standing Order of Instructions, the Local Rules of this Court, and the Federal**

**Rules of Civil Procedure before filing any further documents with this Court. Any future improper filings may be summarily dismissed and/or stricken from the record and may lead to sanctions up to and including dismissal of this action.**

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's letters [Docs. 11, 12] are hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: October 24, 2024

Martin Reidinger
Chief United States District Judge